**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TYLER VALDEZ,

                              Plaintiff,

                                                                    8:21-CV-1243
                    v.                                              (DNH/DJS)

RUTH WILLIAMSON, *et al.*,

                              Defendants.

_____

**APPEARANCES:**                          **OF COUNSEL:**

TYLER VALDEZ
Plaintiff, *Pro Se*
Norfolk, New York 13667

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

        Plaintiff *pro se* brought this action pursuant to the Americans with Disabilities Act.

Dkt. No. 1, Compl.  The precise nature of Plaintiff's claim was very unclear and, as a

result, this Court issued a Report-Recommendation recommending dismissal of the

Complaint with leave to amend.  Dkt. No. 7.  The District Court adopted the Report-

Recommendation on January 6, 2022 and granted Plaintiff leave to amend within thirty

days.  Dkt. No. 12.  Plaintiff has now filed a letter entitled "Summary Judgment."  Dkt.

No. 14.  Plaintiff has since that filing communicated with the Clerk's Office for the

Northern District and advised staff on multiple occasions that this letter was his Amended

- 1 -

Complaint.  *See* Docket Entries dated Jan. 12, Jan. 27, Jan. 31, & Feb. 3, 2022.  He has made no further written submission.

As this Court previously explained, under 28 U.S.C. § 1915(e) "it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action."  Dkt. No. 7 at p. 2.  This Court previously recommended dismissal of the Complaint because it failed to comply with the general pleading requirements of the Federal Rules of Civil Procedure.  The Court noted that the failure "to comply with these Rules presents too heavy a burden for defendants to craft a defense 'and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims.'" *Id.* at p. 4 (quoting *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996)).  Plaintiff's initial Complaint and his most recent filing both fail to include a clear and concise statement of the specific factual allegations or legal claims being asserted against Defendants.  As currently set forth, the allegations fail to provide adequate notice regarding the legal claims Plaintiff seeks to assert against Defendants or the facts underlying those claims.  In fact, Plaintiff's document entitled "Summary Judgment" provides, in many ways, less information than the original Complaint.  The failure to provide adequate notice regarding the factual and legal nature of the allegations warrants dismissal of the Complaint.  *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (dismissal appropriate when Complaint "does not provide an adequate description of the particular acts by the defendant which led to this suit or an explanation of how such acts were illegal.").

"[A] court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). However, "a dismissal with prejudice is generally appropriate where a court puts a plaintiff on notice of a complaint's deficiencies and the plaintiff fails to correct those deficiencies after amendment." *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 2009 WL 3346674, at *2 (S.D.N.Y. Oct. 15, 2009) (citing cases). Here, Plaintiff was provided a prior opportunity to amend and was given specific direction as to the form and requirements for a complaint. Dkt. No. 7 at pp. 6-7. The submission offered by Plaintiff as his Amended Complaint, however, failed in any meaningful way to address the deficiencies identified in the Report-Recommendation and does not comply with the basic pleading requirements of the Federal Rules of Civil Procedure. In such a circumstance, dismissal with prejudice is appropriate. *Liqiang Wei v. Hoffmann*, 2018 WL 4266129, at *1 (N.D.N.Y. Aug. 14, 2018), *report and recommendation adopted*, 2018 WL 4266039 (N.D.N.Y. Sept. 6, 2018) (denying second opportunity to amend when Amended Complaint "suffers from many of the same deficiencies as those identified" in dismissing the original complaint). Given the particular nature of the pleadings in this case, "[t]here is no basis to believe that granting leave to amend a second time would induce the plaintiff to add the kind of allegations needed to establish a facially-plausible claim when []he took no steps to do so with [his] first opportunity to amend." *Driessen v. Royal Bank Int'l*, 2015 WL 1245575, at *2 (D.

Conn. Mar. 18, 2015) (citing cases).  Under the circumstances presented here, the Court recommends that the Amended Complaint be dismissed with prejudice.

**ACCORDINGLY**, it is hereby

**RECOMMENDED**, that Plaintiff's Amended Complaint be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: February 15, 2022
   Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).